UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

|  |  |
|---|---|
| In re | Chapter 7 |
|  | Case No. 15-30497-EDK |
| FRANKIE D. ANDREWS |  |
| Debtor |  |

**TRUSTEE'S MOTION FOR ORDER APPROVING PRIVATE SALE
OF PROPERTY OF THE ESTATE FREE AND CLEAR OF LIENS AND ENCUMBRANCES
PURSUANT TO 11 U.S.C. § 363(b), (f) and (h)**

Now comes Gary M. Weiner, Esq., Chapter 7 Trustee (the "Trustee") of the Estate of Frankie D. Andrews (the "Debtor"), by and through his counsel, Weiner Law Firm, P.C., and hereby moves, pursuant to Bankruptcy Code § 363(b), (f) and (h), and Bankruptcy Rule 6004(c) for authority to sell, by private sale, certain real property belonging to the bankruptcy estate (the "Estate"), located at 66 Duggan Circle, Springfield, Hampden County, Massachusetts, free and clear of all liens, encumbrances and claims of every kind and description, to Joseph Basile (the "Buyer") of 241 Crane Hill Road, Wilbraham, Massachusetts, or his nominee for the sum of $110,000.00, plus a buyer's premium, as set forth in more detail below. A corresponding Notice of Intended Private Sale of Property, Solicitation of Counteroffers, and Deadline for Submitting Objections and Higher Offers and Hearing Date (the "Notice of Intended Sale") is attached as Exhibit "A" to this Motion. In support of this Motion, the Trustee respectfully states as follows:

1. On May 30, 2015, the Debtor filed a voluntary petition for relief under Chapter 13 of the United States Bankruptcy Code.

2. On or about August 5, 2016, the matter was converted to a proceeding under Chapter 7 of the United States Bankruptcy Court.

3. On or about August 8, 2016, Gary M. Weiner was appointed Chapter 7 Trustee in this case and he continues to serve in that capacity.

Case 15-30497    Doc 76    Filed 04/16/18    Entered 04/16/18 14:15:31    Desc Main
Document    Page 2 of 5

Motion for Private Sale
In re Frankie D. Andrews
Case No. 15-30497-EDK
Page 2

4. The matters set forth herein constitute core proceedings pursuant to 28 U.S.C. § 157(b) (2) (N).

5. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

6. Among the assets of the Estate is the real property located at 66 Duggan Circle, Hampden County, Massachusetts (the "Property").

7. In his Schedules, the Debtor values the Property at $127,216.50 and represents that he intends to surrender it. He further states that the Property is subject to a first mortgage held or serviced by Nationstar with a balance of approximately $131,067.00, and a second mortgage held or serviced by Central Loan and serviced by Cenlar with a balance of approximately $25,883.00 (collectively, the "Lenders").

8. Upon information and belief the first mortgage is now held or serviced by Mr. Cooper and the second mortgage remains to be held or serviced by Cenlar.

9. Pursuant to the Trustee's Motion to Employ Broker, which was filed with this Court on October 23, 2014, the Trustee engaged BK Global Real Estate Services and B & B Real Estate of Holyoke, MA as real estate brokers (the "Brokers"). The Brokers have negotiated a short sale agreement with the Mr. Cooper under which the bankruptcy estate will receive a "carve out", so-called, of $2,000.00 from the sale proceeds and the Buyer has agreed to pay the bankruptcy estate an additional $5,500.00. The commission to be paid to the Brokers will be 6% of the sale price which is to be paid out of the sale proceeds and not out of the carve out funds.

10. The Trustee has entered into an agreement (subject to approval by this Court), to sell the Property to the Buyer for the sum of $110,000.00, plus the Buyer is to pay the Estate an additional $5,500.00. The estate will also receive a "carve out" from the sale proceeds of $2,000.00, for a total of $7,500.00. The Buyer has paid a deposit of $1,000.00, which is being held by the estate. A copy of the Purchase and Sale agreement and addendum are annexed hereto as Exhibit "B".

Motion for Private Sale
In re Frankie D. Andrews
Case No. 15-30497-EDK
Page 3

11. On information and belief, the Buyer has no connection with the Debtor and are not insiders of the Debtor, as that term is defined in 11 U.S.C. § 101(14). The Trustee believes that the Buyer is a good faith purchaser as that term is used in 11 U.S.C. §363(m).

12. The Trustee believes that a sale of the Property by private sale is in the best interest of the Estate. The Trustee believes that the price being paid exceeds that which would be realized at any other disposition, such as a public auction. In addition, because the Brokers have been able to negotiate the "short sale" with the Lenders, there will be a recovery for the Estate, even though the sale price is less than the balance owed on the mortgage debt.

13. As set forth in the Notice of Intended Sale served contemporaneously herewith, the Trustee will solicit any offers for the Property in an amount of $111,500.00 or more, which are accompanied by a deposit of at least $5,000.00, on the same terms and conditions as the offer made by the Buyer.

14. The Trustee further requests authority to make the following distributions from the sale: ordinary closing costs, the Brokers' commission of 6% of the sale price, real estate taxes, and any related municipal charges on the Property. Of the remaining sale proceeds, $2,000.00[1] will be retained by the Estate, and the balance will be remitted to the Lenders on their secured claims.

15. The Trustee states that the sale of the Property under these circumstances is at least in part for the benefit of the first mortgage holder, so that payment of the fees and expenses relating to the sale of the Property, including the broker's commission, is allowable from the proceeds of the sale, pursuant to 11 U.S.C. § 506(c).

16. Please take notice that any objections or counteroffers to this private sale must be filed with the Clerk of the United States Bankruptcy Court, United States Courthouse, 300 State Street, Suite

---

[1] Buyer is to pay the estate an additional $5,500.00 as part of the sale separate from the carve-out provided by Mr. Cooper.

Case 15-30497    Doc 76    Filed 04/16/18    Entered 04/16/18 14:15:31    Desc Main
Document    Page 4 of 5

Motion for Private Sale
In re Frankie D. Andrews
Case No. 15-30497-EDK
Page 4

220, Springfield, MA 01103 no later than May 18, 2018 at 4:30 p.m. with copies to counsel to the Trustee, Gary M. Weiner, Esq., Weiner Law Firm, P.C., 1441 Main Street, Suite 610, Springfield, MA 01103, and to the Buyer Joseph Basile, 241 Crane Hill Road, Wilbraham, MA 01095 and his counsel, Dunn and Phillips, 185 Belmont Avenue, Springfield, MA 01108.

17. Any objections or counteroffers must state the name and docket of this case. Any objection must identify the party objecting to the proposed sale and must state the specific reasons for the objection. Any reasons not set forth therein may be deemed to be waived.

18. If no objection or counteroffer is timely filed, the sale may be approved without further notice or hearing.

19. In the event that an objection or counteroffer is timely filed, the Court has scheduled a hearing on whether or not the intended sale should be approved. **The hearing is set for Tuesday, May 22, 2018 at 11:00 am in United States Bankruptcy Court, Berkshire Courtroom, 300 State Street, Springfield, MA.** Any party filing an objection or counteroffer will be expected to appear at the hearing or have a representative appear on their behalf. At that hearing, the Court may take further action without further notice to parties in interest.

WHEREFORE, Gary M. Weiner, Esq., the Trustee respectfully requests that this Honorable Court enter an Order:

1. Authorizing the Trustee's Motion for Order Approving Private Sale of Property of the Estate, pursuant to 11 U.S.C. § 363(b), (f) and (h), to Joseph Basile, or his nominee, free and clear of all liens and encumbrances, including tax liens, pursuant to the provisions of this Motion;

Motion for Private Sale
In re Frankie D. Andrews
Case No. 15-30497-EDK
Page 5

2. Declaring that all encumbrances shall attach to the proceeds of the sale, to the extent that they are valid and perfected, in the same priority as they are entitled to under applicable law, except for the "carve out" of $2,000.00 which will be preserved for the Estate;

3. Authorizing the Trustee to execute all documents necessary to complete the sale;

4. Authorizing the Trustee to make payments from the sale proceeds to Mr. Cooper, holder of the first mortgage on the Property, and for ordinary closing costs, real estate taxes, and the Broker's commission of 6% of the sale price, as set forth herein; and

5. Authorizing the Trustee to accept $5,500.00 from the buyer as part of the sale process; and

6. Granting such other and further relief as this Court deems just and proper.

GARY M. WEINER, ESQ., Chapter 7 Trustee
Of the Estate of Frankie D. Andrews,
By his Counsel,

/s/ Gary M. Weiner, Esq.
Gary M. Weiner, Esq., BBO #548341
WEINER LAW FIRM, P.C.
1441 Main Street, Suite 610
Springfield, MA 01103
Tel. (413) 732-6840
Fax. (413) 785-5666
Email: Gweiner@Weinerlegal.com
Date: April 16, 2018